# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

**DEBORAH LAUFER,**

    Plaintiff,

v.                                        Case No. 1:19-cv-200-AW-GRJ

**ARPAN, LLC.**,

    Defendant,
_____/

**STATEMENT OF DEBORAH LAUFER
MADE PURSUANT TO 28 U.S.C. SECTION 1746**

1. My name is Deborah Laufer. I am currently a resident of Pasco County, Florida. I am unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, I am bound to ambulate in a wheelchair or with a cane or other support and have limited use of my hands. I am unable to tightly grasp, pinch or twist my wrist to operate mechanisms. I am also vision impaired. When ambulating beyond the comfort of my own home, I must primarily rely on a wheelchair. I require accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that I can embark and

1

disembark into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that I can reach them. I have difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. I am hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning my legs. Sinks must be at the proper height so that I can put my legs underneath to wash my hands. I require grab bars both behind and beside a commode so that I can safely transfer and I have difficulty reaching the flush control if it is on the wrong side. I have difficulty getting through doorways if they lack the proper clearance.  To use a pool, I require a lift or other accessible means. When sleeping in a guest room, I need a compliant tub or shower with required grab bars.

2. When looking at a hotel online reservation system, I need information

so that I can ascertain whether or not the hotel and its guest rooms are accessible to me. This includes information whether the conditions referenced above are compliant.

3. I am an advocate on behalf of both myself and other similarly situated disabled persons and consider myself a tester.  As a tester, I visit hotel online reservations systems to ascertain whether they are in compliance with the Americans With Disabilities Act. In the event that they are not, I request that a law suit be filed to bring the website into compliance with the ADA so that I and other disabled persons can use it.  If a law suit is filed to bring the website into compliance, I frequently revisit the website to ascertain whether or not it has been made accessible with the information required by law. With respect to each law suit I file, I  subsequently revisit each website because that is my system.

5. In the past, I have observed that the vast majority of hotel online reservations systems do not allow for booking of accessible rooms or provide the information I need to make an informed choice. Therefore, I cannot make plans to travel if I intend to stay in an accessible room at an accessible hotel. The failure of so many hotels

to comply with the law in this regard deter me from making travel plans.

6. Rooms for the America's Best Value Inn, which I understand the Defendant owns or operates and which is located at 2086 FL-71, Marianna, Florida can be booked online through the Defendant's own website, and through the third party booking sites identified in the complaint. The latter include hotels.com, expedia.com, orbitz.com, and priceline.com.

7. Prior to the filing of this lawsuit, specifically on September 13, 2019, September 14, 2019 and September 15, 2019, while in my own home in Pasco County, I visited the online reservation system for the Defendant's hotel identified in paragraph eleven (11) of the complaint as well as the third party websites identified in paragraphs twelve (12) through fifteen (15) of the complaint for the purpose of reviewing and assessing the accessible features at the hotel and ascertain whether the websites contain the information required by 28 C.F.R. Section 36.302(e) and adequately informs me as to whether the hotel meets my accessibility needs. However, I was unable to do so because Defendant failed to comply with the requirements set forth in 28

C.F.R. Section 36.302(e). As a result, I was deprived the same services available to the general public.

8. None of the websites identified any accessible rooms, nor provided for booking of accessible rooms. The Defendant's own website contained no information concerning accessibility. The third party booking sites contained nothing but generic statements such as "accessible bathroom," "disabled parking," wheelchair accessible path of travel," "roll-in shower, "in-room accessibility," "accessible rooms/facilities" and "handicapped rooms/facilities." That minimal information was not only insufficient for me to make a determination whether or not the public spaces of the hotel or any of the individual rooms were suitable for my particular needs but potentially seriously misleading were I to rely on such generic statements and reserve a room that was, in fact, not suitable for my particular needs.

9. When I encountered the above conditions, I suffered humiliation and frustration at being treated like a second class citizen, being denied equal access and benefits to the goods, facilities, accommodations and services. I am deterred from returning to the websites because I understand that it would be a futile gesture to do so unless I am

willing to suffer further discrimination. I am aware that defendant segregates against me and other disabled persons by offering them one service: me a lesser service. I am aware that I am being deprived the equality of opportunity afforded to non-disabled persons to utilize the online reservation system free of discrimination. I am also aware that my ability to travel free of discrimination and with equal access to information offered to the general public is diminished.

10. On or about February 19, 2020, after this lawsuit was filed, I revisited the websites. I was unable to reserve an accessible room and the same violations described above were again present.

11. Despite the above, I plan to again review the websites in the near future. I have a system for monitoring the hotel's I sued to ensure that I visit and revisit their online reservations systems multiple times, including after each lawsuit is filed and also after the hotel website is required to be compliant. In this regard, I maintain a list of every hotel I sued. Beside the entry of any given hotel, I then type in the date I look at its online reservations system. In all cases, I check out websites multiple times before I file a complaint. In the next column, I type in the date I revisit a hotel's online reservations system AFTER

the complaint is filed. In this regard, I have revisited all the online reservations systems for all hotels I sued (excepting only the most recently filed) and ensure that I do so shortly after each lawsuit is filed. In the next column, I fill in the date when the hotel is required to fix its systems, so that I know when I am again to revisit them. Pursuant to this system, I have already revisited the online reservations system for this hotel. In that way, when I said in my complaint that I intended to return in the near future, I was true to my word.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

Date: 4.10.20                                    _____
                                                                DEBORAH LAUFER